

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Overby Smith, Director
Bureau of Food and Drugs
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5175
Re: Is ice considered a food,
and is it subject to the
registration fee as re-
quired under Article 4469?

This will acknowledge receipt of your letter of
recent date requesting the opinion of this department on the
above stated question.

Article 4469, Vernon's Annotated Civil Statutes,
provides, in part, as follows:

"All manufacturers of foods and drugs doing
business in the State of Texas and all such per-
sons, firms, corporations, who import or bring in-
to the State of Texas, for sale or distribution,
from any place not a part or possession of the
United States any article of food, drug or chemi-
cal, shall annually register with the Director
and pay him a fee of One ($1.00) Dollar for such
registration on or before the 1st day of Septem-
ber. Where a person, firm or corporation oper-
ates more than one establishment, then a separate
registration and fee shall be required for each
establishment operated.

"The term 'manufacture' as used in this Arti-
cle shall mean the process of combining or puri-
fying articles of food or drugs and packaging
same for sale to the consumer, either by whole-
sale or retail, . . . Any person, firm or cor-
poration who represent themselves as responsible

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. Overby Smith, page 2

for the purity and the proper branding of any article of food or drug, by placing or having placed their name or names and address upon the label of any food or drug, shall be deemed a manufacturer and included within the meaning of this Article. Any person, firm or corporation who imports into this State from any place not within the continental limits of the United States, any article of food or drug, shall be importers within the meaning of this Article.

    ". . .."

We have been unable to find any authority under the Texas Food and Drug Laws or the Federal Pure Food Laws wherein the courts have considered the question as to whether or not ice is considered a food, or whether or not it is deemed to be an article within the purview of such laws. Since we have no authority directly in point on the subject under discussion, it would be virtually needless and certainly serve no constructive purpose to expound the numerous and various definitions of "food" as so rendered by the courts, for the meaning of a word in the light of one statute may be entirely different from such interpretation when considered in view of another statute. Therefore, we turn to the statutes themselves to determine their purpose and to attempt to obtain therefrom the intent of the Legislature as to what they considered as constituting "food" under these statutes.

As to what the Legislature had in mind as constituting food under these statutes, we find their definition under Article 4471, Vernon's Annotated Civil Statutes, which reads as follows:

    ". . . The term 'food' shall include all articles used by man for food, drink, flavoring, confectionary or condiment, whether simple, mixed or compounded. . . ."

Food, as thus defined, appears to include all articles, whether mixed, simple, or compound, besides drugs, that are designed to be consumed internally by man. Therefore, the manufacture of such article, besides drugs, designed to be internally consumed by man, would come within Article 4469, supra, requiring the annual registration fee.

Honorable J. Overby Smith, page 3

The purpose of the Legislature in enacting these food and drug laws was to prevent injury to the public health by the sale of misbranded and adulterated foods, and the provisions of the acts are directed to the purpose of securing the purity of all articles of food and drugs as so defined and to inform the purchasers what they are buying. As pointed out in the case of Foche v. State, 65 Cr. R. 353, 144 S. W. 267, the object of these statutes is to secure to the people good and wholesome food.

As pointed out in the case of City of El Paso v. Jackson, 59 S. W. (2d) 822, 823, (Com. App.) ice is a suitable agent to transmit the germs of typhoid fever and other diseases. That freezing of water does not destroy these bacteria or typhoid germs nor are such destroyed by sand filtering. These impurities can be destroyed or exterminated by distillation, for the distillation of water eliminates all germs and gives the assurance that ice manufactured therefrom is free from contamination by disease carrying germs. Thus, ice may contain impurities injurious to health; such as those present in the water itself or those foreign to the water but which make their entrance therein due to some faulty safeguard. Therefore, it is a proper measure in safeguarding public health by seeing that these impurities are not present when ice is so manufactured.

The purposes for which ice is used are manifold. Yet, one of its more common uses is to be placed in a drink or beverage. A use which is designed to be consumed by man internally. It can be argued that one does not actually drink ice, for it is no longer ice at such time; however such arguments virtually accomplish nothing and can possibly lead to ridiculous deductions. The important fact is that ice will be consumed by man in some form or another and that ice may contain impurities injurious to the health of the public. That it is of public concern to see that the manufacturers of ice eliminate all of the impurities that may be contained therein.

The construction placed upon a regulatory statute by the department charged with its enforcement is an important consideration in construing its terms. Your statement that the Bureau of Food and Drugs has treated ice as food for many years and the further fact that the affected industry has accepted that construction strengthens the conclusion we have expressed.

Honorable J. Overby Smith, page 4

It is, therefore, the opinion of this department that ice is to be considered a food under Article 4469, supra, and a manufacturer thereof is required to pay the $1.00 registration fee as so provided by the provisions of the said article.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*

Fred C. Chandler
Assistant

By *Robert O. Koch*

Robert O. Koch

ROK:db

APPROVED DEC 22, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN